UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL J. ALBURY, III,

        Plaintiff,

v.

STRATEGIC STAFFING SOLUTIONS,

        Defendant.
_____/

Case No. 2:24-cv-13263
Honorable Brandy R. McMillion
United States District Judge

## ORDER DENYING MOTION TO SUBSTITUTE PARTY (ECF NO. 27) AND GRANTING MOTION TO DISMISS (ECF NO. 21)

On December 5, 2024, Plaintiff Samuel J. Albury, III ("Albury") filed a *pro se* Complaint for employment discrimination against Defendant Strategic Staffing Solutions ("S3"). ECF No. 1. The Complaint was amended on May 19, 2025 and brings claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). *See* ECF No. 20. On June 2, 2025, S3 filed a Motion to Dismiss the Amended Complaint. ECF No. 21. The Court ordered Albury to respond to the Motion on or before June 23, 2025. *See* ECF No. 22. However, on June 24, 2025, Albury's mother ("Ms. Shuler") filed a Suggestion of Death notifying the Court that Albury passed away on June 7, 2025. ECF No. 23, PageID.147. The letter to the

Court indicated that the Trustees of Albury's estate wish to proceed with Albury's claims. *Id*.

On June 26, 2025, the Court issued an Order staying the case for thirty days to allow the estate to substitute in as a party and file a response to the pending motion to dismiss. ECF No. 24. On July 23, 2025, Ms. Shuler file a second letter with the Court requesting additional time for the estate to respond to the pending motion to dismiss. *See* ECF No. 25. The Court granted the requested extension. *See* ECF No. 26. Now before the Court is Ms. Shuler's Motion to Substitute Party (ECF No. 27). Concurrent with the filing of that motion, Ms. Shuler also filed a response to the pending Motion to Dismiss. *See* ECF No. 28.[1]

For the reasons that follow, the Motion to Substitute Party (ECF No. 27) is **DENIED**, and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 21) is **GRANTED**.

## I.

In the Motion to Substitute Party, Ms. Shuler has identified Albury's estate as the "TREIS TRUST" and requested to substitute herself as the proper party as plaintiff in this action due to Albury's death. *See* ECF No. 27, PageID.160. In

---

[1] The Court notes that a Reply Brief is not needed to rule on the pending Motion to Dismiss. *Williams v. Massey*, No. 5:24-cv-12435, 2025 WL 1263124, at *4 (E.D. Mich. May 1, 2025). Further, the Court also finds oral argument unnecessary and will rule on the record before it. *See* E.D. Mich. LR 7.1(f)(2).

2

support of this request, she attaches an "Authorization Letter from Treis Trust and Affidavit of Successor Trustees." ECF Nos. 27-2, 27-3.  The Authorization Letter is signed by Cheronda Y Albury and Christina McGraw as the trustees of the Treis Trust and purportedly grants Ms. Shuler power to act on behalf of the trust.  ECF No. 27-2, PageID.162.  The Affidavit of Successor Trustee explains that Albury, as original trustee, created the Treis Trust on June 3, 2021; and that Cheronda Albury and Christina McGraw are named as Successor Co-Trustees of the Trust and have accepted Trusteeship of the Treis Trust.  ECF No. 27-3, PageID.163.  The Affidavit further explains that the Trust owns real property in the State of Nevada, and the affidavit is recorded with the Clark County Recorders Office.  *Id*.

This information is insufficient to support a finding that Ms. Shuler is a proper party to continue this action as plaintiff, on behalf of Albury.  Rule 25 of the Federal Rules of Civil Procedure govern substitution of parties upon death.  The Rule states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  "The language of Rule 25 is permissive and the decision to substitute a party lies within the sound discretion of the Court." *Watts v. Novartis Pharms. Corp.,* No. 5:08-cv-02354, 2015 WL 1456647, *4 (N.D. Ohio Mar. 30, 2015) (citing *In re Baycol Products Litig.*, 616 F.3d 778, 783 (8th Cir. 2010)).

Ms. Shuler has provided no documentation that an estate has been opened, nothing from the Probate Court of Clark County, and nothing that supports a finding that she has legal authority to administer Albury's estate or that she is the executor or administrator of that estate. The Authorization Letter from Treis Trust and Affidavit of Successor Trustees do not provide this information. Consequently, the Court lacks any basis to determine that she is the "proper party" to proceed with Albury's claims. Fed. R. Civ. P. 25(a)(1). Therefore, her Motion to Substitute as Plaintiff is **DENIED**.

## II.

Even if the Court were to find Ms. Shuler could proceed as Plaintiff, the case is still subject to dismissal because Albury fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). In evaluating a 12(b)(6) motion to dismiss, the Court "accept[s] all of the complaint's factual allegations as true and determine[s] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). To survive the motion to dismiss, the complaint must state a claim that rises "above the speculative level." *Luis v. Zang*, 833 F.3d 619, 625 (6th Cir. 2016) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (internal quotation marks omitted)). The Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-

4

pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted). Facial plausibility requires a plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). What is plausible is "a content-specific task" requiring this Court "to draw on its judicial experience and common sense." *Id.* at 679.

In its Motion to Dismiss, Defendant argues that Albury fails to state a plausible retaliation claim because he cannot establish "that his August and October 2024 EEOC Charges—the only alleged protected activity in which he allegedly engaged—were causally connected to the alleged April 2024 decision to not place him on an additional assignment." ECF No. 21, PageID.125 (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)). Ms. Shuler does not address this argument in her response. Instead, she summarily states that the Amended Complaint laid out factual allegations supporting the claims which the Motion to Dismiss failed to address. *See* ECF No. 28, PageID.167. This is insufficient to defeat the Motion to Dismiss.

First, failure to address an argument serves as a waiver of challenging that argument. *Fed. Nat'l Mortg. Ass'n v. River Houze, LLC*, 596 F. Supp. 3d 925, 932

5

(E.D. Mich. 2022) ("…it is well settled in this District that such failure can constitute concession of the un-addressed argument"); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). And even construing *pro se* pleadings liberally, the Court cannot conjure up arguments on behalf of Ms. Shuler. *See Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022); *see also Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)). Because she does nothing to address the argument that Albury fails to allege the *prima facie* elements of a retaliation claim under Title VII, dismissal of that claim is appropriate.

Moreover, the Court agrees with Defendant that Albury fails to allege sufficient facts to state a plausible Title VII retaliation claim. *See* ECF No. 21, PageID.124-128. Albury summarily states that he was "subjected to retaliation when S3 failed to place him in a new position despite stating to do as such." ECF No. 20, PageID.101. And then states that conduct violates Title VII. That is a legal conclusion, and without more, is insufficient to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 557 ("[W]ithout some further factual enhancement [the claim] stops short of the line between possibility and plausibility of 'entitlement to relief.'").

Further, to make a *prima facie* showing of Title VII retaliation, an employee must show "(1) he . . . engaged in protected activity, (2) the employer knew of the

6

exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Laughlin v. City of Cleveland*, 633 F. App'x 312, 315 (6th Cir. 2015) (citing *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008)). Defendant argues that Albury cannot meet the second and fourth elements and therefore his retaliation claim fails as a matter of law. *See* ECF No. 21, PageID.124-128. Failure to allege facts sufficient to support any of those elements is dispositive, and the Court therefore finds that failure to allege the causal connection between the alleged protected activity and the adverse employment action subjects the Amended Complaint to dismissal.

Defendant does not dispute that filing an EEOC claim is a protected activity and failing to place someone in a job position, if they were otherwise qualified, is an adverse employment action. *See Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558, 569 (6th Cir. 2019) (filing an EEOC complaint or filing a lawsuit are protected activities under Title VII). However, Albury also must sufficiently allege that Defendant knew he engaged in the protected activity and that there was a causal connection between the protected activity and the adverse action. The Amended Complaint fails to do so. The alleged protected activity – filing the EEOC complaint occurred in August and October 2024. *See* ECF Nos. 23-1, 23-2. Consequently, Defendant could not have known of the protected activity when it failed to place

7

Albury in a position in April 2024. Without that knowledge, there is no way that there is a casual connection between the protected activity and the adverse action. Because Albury fails to allege sufficient facts to plausibly state a claim for relief, Defendant's motion to dismiss should be granted.

### III.

Accordingly, for the foregoing reasons, the Motion to Substitute Party (ECF No. 27) is **DENIED**, and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 21) is **GRANTED**. The Amended Complaint (ECF No. 20) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: September 4, 2025  
Detroit, Michigan

s/Brandy R. McMillion  
BRANDY R. MCMILLION  
United States District Judge